UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE FARM         Case No.: 18-cv-2414 (PKC)(ST)
FIRE AND CASUALTY COMPANY,

                                                        **SAIDOV DEFENDANTS' ANSWER**
                Plaintiffs,          **TO PLAINTIFFS' COMPLAINT**

   v.

VALUECARE PHARMACY, INC.,
ROBERT SAIDOV, R. PH.
and ELLEN SUE GINSBERG, D.O.,

                Defendants.
----------------------------------------------------------------x

      Defendants, Robert Saidov, R. Ph. and Valuecare Pharmacy, Inc. (collectively the "Saidov Defendants" or "Defendants"), by and through their attorneys Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, as and for their Answer to the Plaintiffs' Complaint ("Complaint") which Complaint has misnumbered paragraphs beginning with paragraph 81 on the bottom of page 28 with the next paragraph being number 86 on the top of page  29, dated April 24, 2018, set forth as follows:

      1.     Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 1 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

      2.     Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint.

      3.     Deny the allegations in Paragraph 3 of the Complaint except admit that Compounding involves combining individual medications into topical creams *(i.e.,* Compounded Product) to create a medication that will be helpful to the medical needs of an individual patient.

      4.     Deny knowledge and information sufficient to form a belief as to the allegations

in Paragraph 4 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

5. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

6. Deny the allegations in Paragraph 6 of the Complaint.

7. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

8. Deny the allegations in Paragraph 8 of the Complaint.

9. Neither admit nor deny the allegations contained in Paragraph 9 of the Complaint but refers this allegation to the Court for its determination of the laws cited therein.

10. Neither admit nor deny the allegations contained in Paragraph 10 of the Complaint but refers this allegation to the Court for its determination of the laws cited therein.

11. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint.

12. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13. Admit the allegations in Paragraph 13 of the Complaint.

14. Neither admit nor deny the allegations in Paragraph 14 of the Complaint but refer to Exhibit 3 of the Complaint.

15. Neither admit nor deny the allegations in Paragraph 15 of the Complaint but refer to Exhibit 3 of the Complaint

16. Neither admit nor deny the allegations in Paragraph 16 of the Complaint but refer to Exhibit 3 of the Complaint.

17. Admit the first two allegations in Paragraph 17 of the Complaint, and refer the balance thereof to the transcript of the testimony referred to in said Paragraph.

18. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendants neither admit nor deny those allegations.

20. The allegations in Paragraph 20 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendants neither admit nor deny those allegations.

21. The allegations in Paragraph 21 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendants neither admit nor deny those allegations.

22. The allegations in Paragraph 22 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendants neither admit nor deny those allegations.

23. Neither admit nor deny the allegations in Paragraph 23 of the Complaint but refer to 12 N.Y.C.R.R. Part 440 for an explanation of the pricing for Compounded Products

24. The allegations in Paragraph 24 of the Complaint state legal conclusions or purport to interpret The New York Department of Health Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

25. The allegations in Paragraph 25 of the Complaint state legal conclusions or purport to interpret The Education Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

26. The allegations in Paragraph 26 of the Complaint state legal conclusions or purport to interpret The New York Department of Health Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

27. The allegations in Paragraph 27 of the Complaint state legal conclusions or purport to interpret The New York Department of Health Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

28. The allegations in Paragraph 28 of the Complaint state legal conclusions or purport to interpret The Education Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

29. The allegations in Paragraph 29 of the Complaint state legal conclusions or purport to interpret The New York Public Health Law and The Education Law statutes and regulations, as such Defendants neither admit nor deny those allegations.

30. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 of the Complaint state legal conclusions or purport to interpret the AMA's Ethic Code, and as such Defendants neither admit nor deny those allegations.

32. Admit the allegations in Paragraph 32 of the Complaint except deny the characterization the Compounded Products must be "tailored" to the needs of an individual patient.

33. Neither admit nor deny the allegations in Paragraph 33 of the Complaint but refer to 21 U.S.C. 353a for an explanation of the definition of Compounded Products

34. Neither admit nor deny the allegations in Paragraph 34 of the Complaint but refer to the text of 21 U.S.C. 353a and all of the legislative history regarding said statute as to the purpose of 21 U.S.C. 353a

35. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 35 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

36. Deny the allegations in Paragraph 36 pf the Complaint.

37. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint.

38. Deny the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

40. The allegations in Paragraph 40 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the

trier of fact following expert testimony at trial of this action.

41. Deny the allegations in Paragraph 41 of the Complaint.

42. Deny the allegations in Paragraph 42 of the Complaint.

43. Deny knowledge and information sufficient to form a belief as to the first sentence of Paragraph 43 of the Complaint, and deny the remaining allegations therein.

44. The allegations in Paragraph 44 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

45. The allegations in Paragraph 45 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

46. The allegations in Paragraph 46 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

47. The allegations in Paragraph 47 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

48. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint.

49. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 49 of the Complaint.

50. The allegations in Paragraph 50 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

51. The allegations in Paragraph 51 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

52. Deny the allegations in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

54. Deny the allegations in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

56. Deny the allegations in Paragraph 56 of the Complaint.

57. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 57 of the Complaint.

58. Neither admit nor deny the allegations in the first sentence of Paragraph 58 of the Complaint but refer to 21 U.S.C. 353a for the full text thereof. Neither admit nor deny the allegations in the second sentence of Paragraph 58 of the Complaint but refer to Valuecare's website for the full recitation of the statements referred to therein, and deny the allegations in the third sentence of said Paragraph.

59. Defendants aver that Paragraph 59 of the Complaint references Exhibit 1 to the Complaint. As that document speaks for itself, no responsive pleading is required and refer the

Court to Exhibit 1 to the Complaint, except deny that Valuecare's Compounded Products were not prescribed to address the unique need of any individual patient.

60. Deny the allegations in Paragraph 60 of the Complaint

61. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 61 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

62. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

63. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

64. Deny the allegations in Paragraph 64 of the Complaint.

65. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

66. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

67. The allegations in Paragraph 67 of the Complaint state legal conclusions or purport to interpret The Education Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

68. The allegations in Paragraph 68 of the Complaint state legal conclusions or

purport to interpret The Education Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

69. The allegations in Paragraph 69 of the Complaint state legal conclusions or purport to interpret The Education Law and other related laws, statutes and regulations, as such Defendants neither admit nor deny those allegations.

70. Deny the allegations in Paragraph 70 of the Complaint.

71. Deny the characterization "form" prescriptions and the the prescribers merely "complete and sign" letters of medical necessity as alleged in in Paragraph 71 of the Complaint.

72. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 72 of the Complaint.

73. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 73 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied

74. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 74 of the Complaint.

75. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 75 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

76. Deny the allegations in Paragraph 76 of the Complaint

77. Deny the allegations in Paragraph 77 of the Complaint.

78. Deny the allegations in Paragraph 78 of the Complaint.

79. Deny the allegations in Paragraph 79 of the Complaint.

80. Deny the allegations in Paragraph 80 of the Complaint.

81. Deny the allegations in Paragraph 81 of the Complaint.

82. *No allegations listed.*

83. *No allegations listed.*

84. *No allegations listed.*

85. *No allegations listed.*

86. Neither admit nor deny the allegations in Paragraph 87 of the Complaint but refers to the minutes of the Examination Under Oath thereof.

87. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 87 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

88. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 88 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied

89. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 89 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

90. Deny the allegations in Paragraph 90 of the Complaint, except avers that Valuecare and Saidov have acted legally, ethically and honestly.

91. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 91 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

92. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 92 of the Complaint, except to the extent said allegations refer to the Defendants, to

which extent they are hereby denied.

93. Deny the allegations in Paragraph 93 of the Complaint.

94. Deny the allegations in Paragraph 94 of the Complaint.

95. Defendants repeat and reallege the answers set forth in all prior Paragraphs of the Defendants' Answer with the same force and effect as if fully set forth at length herein.

96. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 96 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

97. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 97 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

98. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 98 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

99. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 99 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

100. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 100 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

101. Deny the allegations in Paragraph 101 of the Complaint.

102. Defendants repeat and reallege the answers set forth in all prior Paragraphs of the Defendants' Answer with the same force and effect as if fully set forth at length herein.

103. Deny the allegations in Paragraph 103 of the Complaint.

104. Deny the allegations in Paragraph 104 of the Complaint.

105. Deny the allegations in Paragraph 105 of the Complaint.

106. Deny the allegations in Paragraph 106 of the Complaint.

107. Defendants repeat and reallege the answers set forth in all prior Paragraphs of the Defendants' Answer with the same force and effect as if fully set forth at length herein.

108. Deny the allegations in Paragraph 108 of the Complaint.

109. Deny the allegations in Paragraph 109 of the Complaint.

110. Deny the allegations in Paragraph 110 of the Complaint.

111. Defendants repeat and reallege the answers set forth in all prior Paragraphs of the Defendants' Answer with the same force and effect as if fully set forth at length herein.

112. Deny the allegations in Paragraph 112 of the Complaint.

113. Deny the allegations in Paragraph 113 of the Complaint.

114. Deny the allegations in Paragraph 114 of the Complaint.

115. Defendants repeat and reallege the answers set forth in all prior Paragraphs of the Defendants' Answer with the same force and effect as if fully set forth at length herein.

116. Neither admit nor deny the allegations contained in Paragraph 116 of the Complaint but refers this allegation to the Court for its determination of the laws cited therein.

117. Deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, except to the extent said allegations refer to the Defendants, to which extent they are hereby denied.

## **FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRAMTIVE DEFENSE

The Plaintiffs' Complaint is barred by the Statute of Limitation or otherwise untimely under New York No-fault Insurance Regulations.

## THIRD AFFRIMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of *res judicata*.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of claim preclusion.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of issue preclusion.

## NINENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery for lack of privity.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery as they have failed to satisfy a necessary jurisdictional prerequisite.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery by the doctrine of offer and compromise.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to a failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead its claims of fraud with the requisite particularity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *in pari delicto* doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by prior actions pending.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims for which Plaintiffs seek declaratory judgment are subject to Defendants' right to arbitrate pursuant to the Federal Arbitration Act and New York law, which right Defendants hereby demand.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred by a lack of reasonable and/or justifiable reliance.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of, and public policy favoring, finality of settlements.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims for which Plaintiffs seek declaratory judgment, to the extent such request for

relief is based upon allegations of fraudulent incorporation, are barred by Plaintiffs' failure to timely raise them.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent Plaintiffs suffered any injury or incurred any damages as alleged in the Complaint, which Defendants deny, any such injury or damage was caused, in whole or in part, by intervening or superseding events, factors, occurrences, conditions or acts, over which Defendants had no control, or through acts or omissions on the part of Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they seek relief based upon allegations of fee-splitting, as such is not a proper basis for denial of payment of claims for reimbursement of services performed pursuant to New York No-Fault Law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed and refused to avail itself of the New York State Courts to vacate or otherwise challenge settlements or judgments which arose from New York State Court proceedings, and are therefore precluded from seeking to do so herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' forum shopping.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' instant claims constitute an impermissible collateral attack on previously rendered New York State Court decisions and/or judgments, and are therefore barred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' request for relief is based upon allegations of fraudulent

incorporation, such allegations are inapplicable to individual health care practitioners billing under their own T.I.N. number.

Dated: Brooklyn, New York
September 7, 2018

                            ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
                            FORMATO, FERRARA, WOLF & CARONE, LLP

By:   */s/ Mark L. Furman*
        Mark L. Furman
        *Attorneys for the Saidov Defendants*
        1 MetroTech Center, Suite 1701
        Brooklyn, New York 11201
        Tel.: (718) 215-5300